**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                           Government,                    26 Cr. 45 (RMB)

        - against-                            **<u>DECISION & ORDER</u>**

DANIEL AGOSTO,

                           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

On April 28, 2026, Defendant Daniel Agosto submitted a motion to dismiss the Indictment (Dkt. No. 15). Defendant contends "that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment" because "[t]he Second Amendment protects an individual's right to possess ammunition and arms for self-defense." MTD at 1. Defendant "recognizes that this claim is currently foreclosed by Second Circuit precedent but raises it for purposes of preservation and further review." MTD at 2. The Government submitted a response to defendant's motion, dated May 7, 2026. Dkt. No. 18 ("The Second Circuit's decision in [*Zherka v. Bondi*] is dispositive of the defendant's facial and as-applied challenges to Section 922(g)(1).").

Defendant's motion to dismiss on Second Amendment grounds is denied. *See Zherka v. Bondi*, 140 F.4th 68, 93 (2d Cir. 2025), *cert. denied*, 2026 WL 135708 (U.S. Jan. 20, 2026) ("[T]he Second Amendment does not bar Congress from passing laws that disarm convicted felons."); *see also Hardee v. United States*, 2026 WL 579182, at *2 (S.D.N.Y. Mar. 2, 2026) ("[The defendant's] motion is meritless because Section 922(g)(1)'s prohibition on the possession of firearms by convicted felons does not run afoul of the Second Amendment.").

Dated: May 13, 2026
       New York, NY

                                             **RICHARD M. BERMAN**
                                              **U.S.D.J.**